**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:01-CR-18 |
| | § | |
| CARLETON ELLSWORTH | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 31, 2012, alleging that the Defendant, Carleton Ellsworth, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on June 28, 2001, before the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of unlawful possession of a firearm (a Class C felony). The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of I, was 6 to 12 months. The Defendant was sentenced to 5 years' probation, subject to the standard conditions of release, plus special conditions to include: Defendant shall not commit any offenses against a foreign state or nation; financial disclosure; mental health aftercare; drug aftercare; and a $100 special assessment.

## II. The Period of Supervision

On June 28, 2001, the Defendant began service of his supervision term. On February 13, 2006, Ellsworth's case was reassigned to the United States District Judge Thad Heartfield. On October 26, 2006, the Defendant's term of probation was revoked and he was ordered to serve 6 months' imprisonment followed by 3 years' supervised release. On June 1, 2009, Ellsworth completed his term of imprisonment and began serving his term of supervised release. On November 10, 2010, the Defendant's conditions of supervision were modified to include total alcohol abstinence. On February 17, 2011, a petition for warrant was filed due to the Defendant's continued violations of his supervised release. On March 10, 2011, the above-noted petition was dismissed and Ellsworth's conditions of supervision were modified to include that he shall reside and participate in a community corrections component of a Community Corrections Center, as instructed, until discharged by the center director, but no longer than 180 days from admission. On April 27, 2011, the Defendant's conditions of supervision were modified to remove the above-noted condition from placement in a halfway house and include a condition for 180 days of electronic monitoring.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision alleging that the Defendant violated a condition of supervision by testing positive for alcohol on January 30, 2012 at the HOW Center in Beaumont, Texas.

## IV. Proceedings

On February 7, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first and only allegation, which asserted that he violated a condition of supervised release, to wit: "The defendant shall abstain from any alcohol use or any other intoxicant not prescribed by a physician."

The parties agreed the court should revoke the Defendant's supervised release and impose a sentence of five (5) months' imprisonment, with no term of supervised release to be imposed thereafter.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by using alcohol on or about January 30, 2012, the

Defendant will be guilty of committing a Grade C violation and the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by testing positive for alcohol on January 30, 2012. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and

U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is I. Policy guidelines suggest 3 to 9 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a five (5) month term of incarceration.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by the same statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The undersigned finds

that the five month term of imprisonment is adequate, and does not recommend a term of supervised release.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by testing positive for alcohol on January 30, 2012.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of five (5) months, with no term of supervised release thereafter.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7th day of February, 2012.

_____
Zack Hawthorn
United States Magistrate Judge